# EXHIBIT E

Subject: Copyright Case 546499 — AvSport of Lock Haven — Associated Press
From: Theodore Sell <tsell@higbeeassociates.com>
Date: Thu, December 19, 2019 5:27 pm
To: sdc@arkpatent.com
Cc: Jade Dali <jdali@higbeeassociates.com>

Mr. Carver,

Thank you for your December 18 letter, it provides me a great opportunity to clarify matters.

A. Background

First off, thank you for admitting the infringements as you have admitted the images were used and the only other element necessary for a prima facie case is a proven copyright.  See 17 USC 410(c) and Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).  Those facts being so easily established, I am left wondering why you claim there "…is no actionable infringement."

Additionally, however, the images were used in instruction materials on a website that also facilitates aircraft rental and sales, commercial activity: http://www.avsport.org/acft/index.html. As the website is used for commercial purposes, everything on the site also serves that purpose – making the use commercial.  However, even if this were not true, non-commercial use does not lead to an automatic Fair Use defense.  See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 584 (1994)  ("Accordingly, the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness.").

Furthermore, that these images were found is proof of the publication of the images and that the images were saved to your client's servers is proof of copying, both violations of The Copyright Act.  17 USC 106(1)(5).

B. Infringement

We are well aware of the implications of 17 USC 411 as well as Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).  As such, of course, unless a copyright registration is found later, our client will register the copyright prior to the filing of a suit as well as be limited to Actual Damages, which consist of the license fee that should have been paid plus a disgorgement of profits.  17 USC 504(b).  Which leads to my confusion considering your assertion that there is a "...lack of actual damages and the lack of profits," when there certainly – at least – provable licensing fees that your client should have paid for lawful use.  In fact, the licenses that your client should have purchased for the lawful use of the images is below and show that, at a minimum, your client should have paid $735 per image.

C. Fair Use

First, I note that you did not consult any case law, a more thorough analysis of Fair Use follows.

1.        Purpose and Character of the Use.

The central purpose of the first factor is to determine "…whether and to what extent the work is transformative." Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 579 (1994). This is especially clear when dealing with photographs as "[u]sing a photo for the precise reason it was created does not support a finding that the nature and purpose of the use was fair." BWP Media USA, Inc. v. Gossip Cop Media, Inc. 196 F.Supp. 3d 395, 407 (S.D.N.Y. 2016) citing Fitzgerald v. CBS Broadcasting, Inc., 491 F. Supp. 2d 177 (D. Mass. 2007) (finding a news outlet's use of a photojournalist's image of an arrest for the purpose of reporting on that arrest not transformative, as it used the photograph for the precise reason it was created).  Here, the image was used because it portrayed the subject of the writing and/or made the page more readable or attractive without any transformation of the work, which is an infringement.  As there was no actual transformation, the use cannot be Fair.

Additionally, as discussed above, there is no automatic finding of Fair Use for non-profit uses.

2.        Nature of the Copyrighted Work

The second factor considers that creative works are offered more protection than factional works.  See Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 800 (9th Cir. 2003), citing Campbell v. Acuff-Rose Music, Inc., 510 U.S 569, 586 (1994).  Additionally, "photographers' images are creative, especially when they are created for public viewing and are 'closer to the core of intended copyright protection' than are more fact-based works." VHT, Inc. v. Zillow Grp., Inc., 918 F.3d 723, 743 (9th Cir. 2019), citing Perfect 10, Inc. v. Amazon.Com, Inc., 508 F.3d 1146, 1167 (9th Cir. 2007); Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2002); and Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 586 (1994)  Furthermore, a work possessing "…more than a de minimis quantum of creativity..." is to be protected.  Feist Publications, Inc. v. Rural Tel. Service Co., 499 U.S. 340, 363 (1991).   Here, the work is at least de minimis creative and certainly created for the purpose of public viewing, which leads to a finding that the use was not fair.

3.        Amount and Substantiality of the Portion Used

For the third factor, a court should consider "…whether 'a substantial portion of the infringing work was copied verbatim' from the copyrighted work is a relevant question…." Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 587–88 (1994), citing Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 565 (1985).  It should also consider that the copying of the full work is fair use only if it was necessary, from a user's, or viewer's, perspective. VHT, Inc. v. Zillow Grp., Inc., 918 F.3d 723, 757 (9th Cir. 2019) ("copying full works qualifies as fair use where "[i]t was necessary . . . to copy the entire image to allow users to recognize the image and decide whether to pursue more

information about the image or the originating web site"), citing Kelly v. Arriba Soft Corp., 336 F3d 811, 821 (9th Cir. 2002).  Here, your client used the entirety of the image, which leads to a finding that the use was not fair.

4.       Effect of the Use on the Potential Market

Lastly, our client earns income from the license of its images and the lack of payment definitely harms its financial situation, otherwise this firm would not be retained to recover the lost income.  However, courts are required "… to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market" for the original.'" Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 590 (1994) (emphasis added), citing Nimmer § 13.05[A][4], p. 13-102.61.  A recent decision provides much clarity to this factor, explaining it is a hypothetical question. VHT, Inc. v. Zillow Grp., Inc., 918 F.3d 723, 744 (9th Cir. 2019), citing Harper & Row, Publishers, Inc v. Nation Enterprises, 471 U.S. 539, 568 (1985).  Thus, the question is not whether your client harmed our client but how multitudes of infringers such as your client would harm our client and that would mean a substantial loss of income for our client, which would certainly be harmful.

D. Actual Damages

As stated above, Actual Damages are the license fee that should have been paid plus profits.  As it is fairly easy to calculate the license fees that should have been paid, Actual Damages are easily calculated.

Thus, this claim is not as weak as you hoped and my client should be compensated for infringement of its copyrights.  Our client offers to resolve this matter through settlement for $2,250.

Thank you,

Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law – Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
mailto:tsell@higbeeassociates.com
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.