**EXHIBIT F**



# [FWD: Re: Copyright dispute - Case # 546499]
1 message

&lt;sdc@arkpatent.com&gt;  Wed, Jan 15, 2020 at 12:52 PM
To: H Shuch &lt;drseti@verizon.net&gt;

-------- Original Message --------
Subject: Re: Copyright dispute - Case # 546499
From: Theodore Sell &lt;tsell@higbeeassociates.com&gt;
Date: Wed, January 15, 2020 11:41 am
To: sdc@arkpatent.com
Cc: Jade Dali &lt;jdali@higbeeassociates.com&gt;

Mr. Carver,

Sorry it took so long to respond but the blank email you sent, only attaching the letter, left us unsure if the attachment was safe to open. Having ensured it is safe, my response follows.

The images were on the Exhibits attached to the Demand Letter, a copy of which I have attached below. You will also find the name of our client but why its state of formation and/or address would matter escapes me. Nevertheless, it is no secret that the Associated Press is based in New York, New York with an address of 200 Liberty St., New York, NY 10281.

We understand what your client does; however, what you fail to realize is there there is no "presumption of non-commercial fair use". In fact, that you purport such a proposition flies in the face of Supreme Court precedent. See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 584 (1994) ("Accordingly, the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness."). No such presumption exists and no property owner is forced to automatically give up their rights to their property - a copyright is a property - to another just because the other is a non-profit or non-commercial. Likewise, referring back to the same Supreme Court decision, there is also no automatic fair use defense for an educational use. However, thank you for admitting your client did copy the image, which is an infringement. 17 USC 106(1).

Your one-paragraph "analysis" of fair use also shows a lack of understanding of Fair Use so I ask you to carefully re-consider the Fair Use analysis previously provided.

Our client's licensing of its images is so widely available, I question the amount of time you spent in research of this issue. Representative licensing is attached, showing the proper licensing for the use of these images for one year is $735.00/each. That licenses for these items are available but not paid for by your client is the actual market harm and, as shown above, the (not so) hypothetical consideration of numerous such infringements does constitute a realistic and serious loss of income.

Regarding your problems with my previous letter, I will further explain the blatantly obvious.

1. If your client deleted the images, it had to have first copied those images; thus, there is no doubt that infringements occurred. Conversely, how could your client have deleted the images if it did not first have them? By having those images, in the absence of a license, it has infringed. No, I am not a trier of fact; however, the facts are also blatantly obvious that any jury could easily understand.

2. You re-alleged, in your January 12, 2020 letter, an automatic fair use based on non-commercial and educational use.

3. That presentation was found publicly published; otherwise, our client would probably not have found it. In fact, we provided clear evidence showing that the presentation was available via hyperlink that was on the website. Again, this is a blatantly obvious fact that leaves me wondering of the depth of your "research".

4. Correct! Neither commercial nor non-commercial use of an image is determinative. That is the point! Your client would still need to show that at least a majority of the statutory factors weigh in its favor but with none weighing in its favor, it will still fail!

5. Correct! If the use were fair, no licensing fee would be necessary; however, because the use fails all four of the statutory factors of fair use, a license is necessary but was not purchased.

6. Again, you have failed to correctly and accurately apply actual law on the matter. Of course, had you done so, this case would likely have already settled. You do realize that if this matter is pressed to court, a court will apply the legal standards well-established in copyright law, right? Those same well-established principles that you have eschewed in your research and response. There is no transformation of the image, it merely represents a subject in the presentation. Even your cite to Campbell fails to consider that the subject matter in that case was actually transformed by parody. There is no transformation here!

7. You assume that no license was purchased by the FAA for the use? Why? The federal government routinely pays news services for the use of its works, so should your client.

8. Your argument fails because, as discussed in #3 above, the presentation was published; otherwise, our client may still not know of the infringement.

9. You have been provided the license fees; therefore, such cannot be non-existent. By the way, the proposed price was available to your client all along, had he attempted lawful use of the images, such would have been found.

10. A one-time payment for that which is valued, only by the licensing, at several times that amount is not a realistic counteroffer. Nevertheless, with the use having ceased, our client is willing to reduce its demand to $2,000.


Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
mailto:tsell@higbeeassociates.com
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.


> On Jan 12, 2020, at 1:30 PM, sdc@arkpatent.com wrote:
>
>
> <19080SellLtr1.doc>

---

3 attachments

📄 **20200115085511 546499 damage letter.pdf**
222 KB

🖼 **20200115 Licensing 090115148604.png**
97 KB

🖼 **Screen Shot 2020-01-15 at 9.16.38 AM.png**
94 KB