Mathew K. Higbee, Esq., SBN 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Defendant*
ASSOCIATED PRESS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVSPORT LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ASSOCIATED PRESS; and DOES 1 through 10,<br><br>Defendants. | Case 2:20-cv-00871-DSF-JPR<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Monday, June 29, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Dale S. Fischer of the above-titled court, located at Courtroom 7D, 350 West 1st Street, Los Angeles, CA 90012, Defendant THE ASSOCIATED PRESS will move for an order, pursuant to Federal Rules of Civil Procedure 12(c), for judgment or declaratory judgment on the pleadings, on the basis that the Plaintiff's unauthorized use of Copyrighted Images which gave rise to this action did not and does not constitute "fair use" under 17 U.S.C. § 107, in order to entitle Plaintiff to a declaratory judgment as requested.

This motion is based on this Notice of Motion and supported by the

accompanying Memorandum of Points and Authorities, the Declaration of Mathew K. Higbee and Exhibits "1"-"5" attached thereto and incorporated therein, the contents of any and all prior pleadings filed in this action to date including any attachments and exhibits referenced and incorporated therein, plus any additional evidence and arguments the Court may consider. This motion is made following pre-motion conference of counsel pursuant to L.R. 7-3, which took place on March 20, 2020

DATED: May 21, 2020                    Respectfully submitted,

/s/ *Mathew K. Higbee*
Mathew K. Higbee, Esq.,
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com

ii
**MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................1

II.  STATEMENT OF FACTS ...................................................................................2

III. LEGAL ARGUMENT .........................................................................................4

   A.  Standard for Judgment on the Pleadings ......................................................6

   B.  The Plaintiff's Unlicensed Use and Dissemination of AP's Copyrighted Photos Did Not Constitute "Fair Use" ...........................................................7

     1.  *Purpose & Character of the Use* ...............................................................7

     2.  *Nature of the Copyrighted Work* ...........................................................11

     3.  *Amount and Substantiality of the Portion Used* ....................................12

     4.  *Effect of the Use on the Potential Market* .............................................14

IV. CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)..........................12

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) ..............................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................7

*BWP Media USA, Inc. v. Gossip Cop Media, Inc.* 196 F.Supp. 3d 395 (S.D.N.Y. 2016) ......................................................................................................................8, 9

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994).........................7, 10, 12, 14

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989)............................6

*Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340 (1991)....................12

*Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp. 2d 177 (D. Mass. 2007).........8, 9

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1989) ...........................................................................................................................6

*Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985) ....12, 13

*Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148 (9th Cir. 1986).......13

*Kelly v. Arriba Soft Corp.,* 336 F.3d 811 (9th Cir. 2003)....................................12, 13

*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)...................11

*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) ...............................................................7

*Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146 (9th Cir. 2007) ..............7, 12, 15

*Sadowski v. BackChina, LLC*, No. H-17-1562, 2018 U.S. Dist. LEXIS 120875, at *4 (S.D. Tex. July 16, 2018)..............................................................................................9

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) ........................... passim

*Worldwide Church v. Philadelphia Church of God*, 227 F.3D 1110  (9th Cir. 2000) ........................................................................................................................13

**RULES**

Fed. R. Civ. P. 12(c) ....................................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant The Associated Press (hereinafter "AP"), by and through its undersigned attorney of record, hereby moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings". Fed. R. Civ. P. 12(c)(2020).

The Plaintiff AvSport LLC a.k.a. AvSport of Lock Haven (hereinafter "Plaintiff") is a self-described "flight school" based in Pennsylvania who charges hundreds to thousands of dollars for various types of flight tours, flight lessons and instructions, as well as fees for aircraft rentals and purchases. AP is a not-for-profit news agency based in New York City, is the recipient of over several dozen Pulitzer Prizes (over 30 of which were in its contributions to Photography) and the exclusive rights holder of an extensive library of copyrighted images, including the two copyrighted photographs that gave rise to this action.

This action arose after AP discovered that Plaintiff had downloaded two of AP's copyrighted photographs without a license and placed them in a PowerPoint presentation which was uploaded to Plaintiff's business website and disseminated to the general public. After discovering the infringement, AP (through its agents/attorneys) sent correspondence to Plaintiff with evidence of the infringement, and demanded a reasonable compensation for unlicensed use of its copyrighted photographs. Although Plaintiff has admitted to copying, it has refused to accept responsibility for any copyright infringement, insisting that its use was subject to "fair use".

On January 28, 2020, the Plaintiff preemptively filed the current action seeking a declaratory judgment that it did not commit any copyright infringement, solely on the basis that its use of AP's copyrighted materials constituted fair use.

///

## II. STATEMENT OF FACTS

AP is an established and respected not-for-profit news agency founded in 1846 and headquartered in New York City. AP's news reports are circulated in more than 1,300 newspapers and broadcasters around the world. AP has been awarded over four dozen Pulitzer Prizes, 31 of which were for its contributions to photography.

AP is the exclusive rights holder to a large collection of original photography and other copyrighted material. These include the following two photographs that gave rise to this action:

| Title | AP Catalog Image No. |
|---|---|
| "Miracle on the Hudson" | 090115148604 |
| "Asiana Airlines Flight 214" | 232345237510 |

*See* Complaint (ECF Doc. 1), ¶14; Answer (ECF Doc. 19), ¶14 & Exh. "A" (ECF Doc. 19-1, pp.1-3) appended thereto.

As the copyright holder to those two photographs above (hereinafter the "Copyrighted Photos"), AP holds the worldwide right to license and distribute those Photos, directly or indirectly through its distribution networks. As copyright holder, its rights also include the exclusive right to pursue legal remedies for unauthorized uses of those Photos.

In 2019, AP discovered that the two Copyrighted Photos were being used by the Plaintiff. The Photos had been downloaded without a license and incorporated into materials that were created and owned by the Plaintiff, and placed on the Plaintiff's internet website for dissemination to the general public. *See* Complaint, ¶¶16, 21; Answer, ¶21 & Exh. "C" (ECF Doc. 19-1, pp.6-104).

As alleged in the Plaintiff's own Complaint, it is a Pennsylvania-based limited liability company who also goes under other fictitious trade names, including "AvSport of Lock Haven". Complaint, ¶¶1, 3. On its website (the same website where the Copyrighted Photos were found), the Plaintiff purports to be

2
**MOTION FOR JUDGMENT ON THE PLEADINGS**

"flight school" that "specialize[s] in training candidates for the FAA Sport Pilot rating . . . at about half the cost and half the instructional time, needed to earn a Private Pilot license". As of May 7, 2020, its website offered fee-based flight instructions and training to the general public in at least eight (8) different pricing packages. These packages range in price from $150 to $4,000. They include a single demo/sample flight for $150 ("A Taste of Freedom"), a one-session flight lesson for $300 ("Gateway to the Sky"), a four-session "mini course" for $1200 ("Flight FUNdamentals"), a twelve-session module for $4000 ("Up, Up and Away"), and more. In addition to those charges, the website also facilitates and charges for the rental and purchase of aircrafts. *See* Decl. of Mathew K. Higbee, ¶¶5-7, & Exh's. "1"-"3" (filed herewith).

After discovering Plaintiff's unlicensed use of the Copyrighted Photos on its website, AP reached out (through its agent, PicRights) to Plaintiff, requesting that Plaintiff produce proof of a valid license or other permission to use the Copyrighted Photos, or, in the alternative, remove the Photos from its site and provide reasonable compensation to AP for the infringements in the form of a retroactive license fee. Complaint, Exh. "A" (ECF Doc. 1-1). In response, Plaintiff did not produce any proof that it had ever received a license or other permission to use the Photos. At the same time, it did not deny that it had used the Photos on its website without a license or other permission from AP and displayed and disseminated them to the general public, but insisted that its use constituted "fair use" and thereby did not constitute infringement.

Thereafter, AP retained the Law Firm of Higbee & Associates ("Higbee & Associates") to help Defendant further enforce its rights over the Copyrighted Photos against Plaintiff for the latter's infringement. Over a series of written correspondences between in November 2019 and January 2020, Higbee & Associates continued attempting to reach a resolution of the claim with Plaintiff in order to avoid litigation. Plaintiff again did not deny that it had downloaded and

3
**MOTION FOR JUDGMENT ON THE PLEADINGS**

disseminated the Copyrighted Photos without any license or permission from AP, and eventually removed the Photos from its site. However, Plaintiff continued to deny any liability for copyright infringement and refused to make any compensation to AP for the unlicensed and unauthorized dissemination of AP's Copyrighted Photos. *See* Answer, Exhs. "D"-"H" (ECF Doc. 19-1, pp.105-123).

On January 28, 2020, Plaintiff preemptively filed the instant action for declaratory relief against Defendant under 28 U.S.C. § 2201. It now seeks a declaratory judgment from the Court that its prior licensed use and dissemination of AP's Copyrighted Photos did not constitute copyright infringement—solely on the basis that its use constituted "fair use" under 17 U.S.C. § 107. Complaint, ¶¶5, 48-55.

On March 10, 2020, the Court entered a docket order granting AP's request for extension to file its Answer, over the Plaintiff's objection. *See* Docket Order Mar. 10, 2020 (ECF 18.) On March 27, 2020, AP filed a timely its Answer to the Complaint. The Answer included explanatory/supporting materials (indexed as Exhibits "A"-"F" and filed therewith) which were directly relevant to the allegations in the Complaint and AP's responses, specifically referenced in the Answer and intended to be fully incorporated therein. *See* Answer (ECF Doc. 19) & Exhs. "A"-"F" (ECF 19-1, pp.1-123); Fed. R. Civ. P. 10(c)("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

**III.   LEGAL ARGUMENT**

In this matter, the pleadings largely speak for themselves. In the Complaint, Plaintiff alleges that it is a Pennsylvania-based limited liability company who "also does business as AvSport of Lock Haven, a fictitious business name registered with the Pennsylvania Department of State". Complaint, ¶¶1, 3. Plaintiff alleges that the current action for declaratory judgment arose from its use of the following two copyrighted photographs:

4
**MOTION FOR JUDGMENT ON THE PLEADINGS**

- Photo 1 ("Miracle on the Hudson"), which depicts the January 15, 2009, emergency landing of US Airways Flight 1549 (Airbus A320) in the Hudson River.

- Photo2 ("Asiana Airlines Flight 214"), which depicts the July 6, 2013, crash landing of Asiana Airlines Flight 214 (Boeing 777-200ER) at San Francisco Intl. Airport.

*See* Complaint, ¶14 & Exhs. "A", "C" (ECF Docs. 1-1, 1-3); Answer, ¶14 & Exh. "A" (ECF Doc. 19-1, pp.1-3).

In AP's Answer, AP states that "it is the owner and exclusive rights holder" of those two photographs (the "Copyrighted Photos"), true and correct copies of which were appended to the Answer as Exhibit "A" and incorporated into its responses. *See* Answer, ¶14 & Exh. "A"; Fed. R. Civ. P. 10(c)("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Based on those and other allegations and exhibits attached to and incorporated in the Complaint, as well as AP's Answer and exhibits filed in response thereto and incorporated therein, the following basic facts are not or cannot genuinely be disputed, or otherwise can be accepted as true for purposes of this motion:

1) The current action arose in response to claims of copyright infringement made by AP or its agents against Plaintiff over the use of two Copyrighted Photos of crashing/landing planes—as similarly identified in the both of the parties' prior pleadings and exhibits;

2) AP is the exclusive rights holder to those two "Copyrighted Photos";

3) Plaintiff found and downloaded the Copyrighted Photos from a Google search and subsequently included the Copyrighted Photos as part of certain materials that were placed on its website (including related webpages) at www.avsport.org, through which the materials were disseminated to the general public;

4) Plaintiff never purchased a license or obtained other authorization to use the Copyrighted Photos.

Thus, the only question that remains in this action is whether Plaintiff's use of the Copyrighted Photos in the manner that it did—as described or demonstrated

in the pleadings—qualified as "fair use" under 17 U.S.C. § 107, in order to entitle Plaintiff to a declaratory judgment that it did not commit any copyright infringement. Other than fair use, the Plaintiff has not asserted or alleged any other legal justification for its unlicensed use and dissemination of the Copyrighted Photos.

As the following demonstrates, the pleadings and exhibits in this matter show that the Plaintiff's use and dissemination of AP's Copyrighted Photos, do not qualify for a fair use defense against a charge of copyright infringement. As such, the Plaintiff is not entitled to a declaratory judgment in its favor, and judgment should be entered in favor of AP.

### A. Standard for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings". Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). As such, a court may grant a Rule 12(c) motion for judgment on the pleadings if, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

While a court's obligation to construe the allegations in the light most favorable to the nonmoving party, this does not mean that those allegations must be construed in a light favorable to the nonmoving party if such a construction cannot reasonably be made. *Id.* Dismissal of a claim or defense is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory" to sustain the claim or defense. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citation omitted). Conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

### B. The Plaintiff's Unlicensed Use and Dissemination of AP's Copyrighted Photos Did Not Constitute "Fair Use"

"'The fair use defense permits the use of copyrighted works without the copyright owner's consent under certain situations.'" *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 739 (9th Cir. 2019)(quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163 (9th Cir. 2007)). To determine whether a particular user of copyrighted material is entitled to fair use, Congress has provided the following four non-exclusive factors to consider:

(1)  The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)  The nature of the copyrighted work;

(3)  The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)  The effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

#### 1. Purpose & Character of the Use

The Supreme Court has explained that the primary purpose of the first statutory factor is to determine "whether and to what extent the work is transformative." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). "'Because transformation advances copyright's core goals, '[t]he more

1 transformative the new work, the less will be the significance of other factors.'"
2 *VHT, Inc.*, 918 F.3d at 740 (quoting *Campbell*, 510 U.S. at 579).

3 Where the copyrighted material (as here) involved photographic images,
4 courts have stated that "[u]sing a photo for the precise reason it was created does
5 not support a finding that the nature and purpose of the use was fair." *BWP Media*
6 *USA, Inc. v. Gossip Cop Media, Inc.* 196 F.Supp. 3d 395, 407 (S.D.N.Y. 2016)
7 citing *Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp. 2d 177 (D. Mass.
8 2007)(finding a news outlet's use of a photojournalist's image of an arrest for the
9 purpose of reporting on that arrest not transformative, as it used the photograph for
10 the precise reason it was created).

11 Plaintiff alleges in the Complaint that it "located the [Copyrighted Photos]
12 using a Google Images search and downloaded the [Copyrighted Photos] directly
13 from Google." Complaint, ¶16. It further acknowledges in the Complaint that after
14 downloading the Copyrighted Photos, it "incorporated the Photos into a
15 PowerPoint presentation" (*Id.* at ¶21) which was then placed on its website and
16 disseminated to the general public..

17 In AP's Answer, AP admits that the Plaintiff did, as alleged, incorporate the
18 Copyrighted Photos into a Powerpoint presentation, and attached a true and correct
19 copy of that presentation as Exhibit "C" of its Answer. Answer, ¶21 & Exh. "C"
20 (ECF 19-1, pp. 6-104); Fed. R. Civ. P. 10(c)("A copy of a written instrument that
21 is an exhibit to a pleading is a part of the pleading for all purposes."). In the
22 Plaintiff's Complaint, Plaintiff alleges that in response to AP's initial claim of
23 copyright infringement by its agent (PicRights):

> Plaintiff responded in writing to the PicRights correspondence with descriptions of how the images ***were used (e.g., that they were "shown in free public safety seminars***, with the intent of providing continuing education to pilots," and that the "accident photos [were] juxtaposed against cockpit voice recorder recordings and FAA air traffic control transcripts, along with other materials taken from NTSB accident reports, allowing a complete accident reconstruction in these seminars")

28 Complaint, ¶30 (emphasis added).

8
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff further explains that "[t]he Photos were enhanced by adding transcriptions and recordings of cockpit voice recorders and radio communication with air traffic control." *Id*. at ¶21. Plaintiff acknowledged that it "incorporated these Photos into a PowerPoint" and "the photos were intended to graphically illustrate the disparate outcomes an aircraft in an emergency might encounter, with and without effective CRM techniques. *Id*. at ¶22.

Here, it is evident from the pleadings that Plaintiff copied the entirety of the Copyrighted Photos and simply reinserted the Photos "verbatim" into its instructional materials, which were then placed on its internet website and made accessible (i.e., disseminated) to the general public. Plaintiff's presentment of the Copyrighted Photos themselves—as contained in its written materials placed on its website and disseminated to the worldwide public—had little or no transformative value.

Plaintiff's alleged "enhancements" (such as the alleged "transcriptions and recordings of cockpit voice recorders and radio communication with air traffic control") added little or nothing to the original Photos, and in any event, were neither included nor apparent in the written version of the presentation placed on its site and disseminated to the general public. *See Sadowski v. BackChina, LLC*, No. H-17-1562, 2018 U.S. Dist. LEXIS 120875, at \*4 (S.D. Tex. July 16, 2018)("While the picture compliments the text, so would any picture of a car with snow around it. Nobility of the user's purpose does not widen the scope of fair use.").

The photographic images were used "for the precise reason [they were] created" and therefore "does not support a finding that the nature and purpose of the use was fair." *BWP Media USA, Inc.*, 196 F.Supp. 3d at 407; *Fitzgerald., Inc.*, 491 F. Supp. 2d 177 (finding a news outlet's use of a photojournalist's image of an arrest for the purpose of reporting on that arrest not transformative, as it used the photograph for the precise reason it was created).

9
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff also relies heavily on the claim that its unlicensed use of the Copyrighted Photos were intended to be educational and "entirely non-commercial" Complaint, ¶53. However, the Supreme Court has long indicated that "the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness." *Campbell*, 510 U.S. at 584. Thus, the fact that the Plaintiff used or intended to use the Copyrighted Photos in connection with instructional sessions or seminars that were given to the public without charge did not cause the Photos to lose their copyright protections, shield the Plaintiff from liability for copyright infringement or create a presumption of fair use.

Moreover, while there may well be an educational motive or component in Plaintiff's use or intended use of the Copyrighted Photos, Plaintiff's claim that its use or intended use was "entirely non-commercial" is disingenuous. The allegations and exhibits incorporated into the pleadings clearly reveal that the Copyrighted Photos were used or intended not solely to "promote aviation safety". Instead, the Photos were incorporated into written instructional materials that were *specifically* placed on Plaintiff's internet website (www.avsport.org), where it was accessible and disseminated to the general public—with Plaintiff's name (AvSport/AvSport of Lock Haven) prominently displayed throughout the materials. *See* Answer, Exh. "C" (ECF Doc. 19-1, pp. 6-104). Indeed, the materials specifically state that the presentation is "brought to you by" Plaintiff, and the slides at the end of the presentation direct attendees to Plaintiff's website. *Id.*

As alleged in Plaintiff's own Complaint, it is a Pennsylvania-based limited liability company who also goes under other fictitious trade names, including "AvSport of Lock Haven". Complaint, ¶¶1, 3. Plaintiff has never claimed or alleged that it is itself a non-profit organization or entity. In fact, on Plaintiff's own website (the same website where the materials containing the Copyrighted Photos were found), Plaintiff purports to be "flight school" that "specialize[s] in training

candidates for the FAA Sport Pilot rating . . . at about half the cost and half the instructional time, needed to earn a Private Pilot license". *See* Decl. of Mathew K. Higbee, ¶¶5-7, & Exhs. "1"-"3" (filed herewith). As of May 2020, its website offered fee-based flight tours, flight instructions and training to the general public in at least eight (8) different pricing packages. *Id*. These packages range in price from $150 to $4,000. *Id*. They include a single demo or sample flight for $150 ("A Taste of Freedom"), a one-session flight lesson for $300 cost ("Gateway to the Sky"), a four-session "mini course" for $1200 ("Flight FUNdamentals"), a twelve-session module for $4000 ("Up, Up and Away"), and more. *Id*.

    In addition, Plaintiff's website facilitates the rental and purchase of aircrafts, and contains an itemized list of fees charged for those services. *See* Decl. of Higbee, ¶9, & Exh. "5" (filed herewith). Thus, it is evident that the Plaintiff is a private, for-profit commercial entity—a self-described "flight school"—and the obvious intent (at least in part) of giving lectures and placing the written instructional materials that contained the Copyrighted Photos on its website was to promote its name recognition, draw potential customers to its site, and ultimately boost the company's profitability.

    For all those reasons, the first statutory factor under 17 U.S.C. § 107 weighs against a finding of fair use.

### 2. *Nature of the Copyrighted Work*

    In analyzing the second statutory factor for fair use, courts including the Ninth Circuit have long held that creative works are afforded more protection than fact-based works. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003), citing *Campbell,* 510 U.S. at 586. "'Works that are creative in nature are 'closer to the core of intended copyright protection' than are more fact-based works.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1016 (9th Cir. 2001)(quoting *Campbell*, 510 U.S. at 586). A work that involves "more than a *de*

*minimis* quantum of creativity" is entitled to copyright protection. *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 363 (1991).

The Ninth Circuit has indicated that "photographer' images" are particularly "creative, especially when they are created for public viewing. *Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1167 (9th Cir. 2007); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003); *VHT, Inc.*, 918 F.3d at 723.

Here, the two Copyrighted Photos that gave rise to this action are photographic images that were professionally captured by AP photojournalists and were "created for public viewing". The first photo ("Miracle on the Hudson") is a photo depicting the remarkable emergency landing of US Airways Flight 1549 (flying an Airbus A320) in the Hudson River on January 15, 2009. The second photo ("Asiana Airlines Flight 214") is a photo depicting the tragic crash landing of Asiana Airlines Flight 214 (flying a Boeing 777-200ER) at San Francisco Intl. Airport on July 6, 2013. *See* Complaint, ¶14, & Exh. "A", "C" (ECF Docs. 1-1, 1-3); Answer, ¶14 & Exh. "A" (ECF Doc. 19-1, pp.1-3). Because the Copyrighted Photos at issue are both inherently creative professional photographic images, they are "closer to the core of intended copyright protection". *Napster, Inc.*, 239 F.3d at 1016 (quoting *Campbell*, 510 U.S. at 586). At the very least, the Photos possess "more than a *de minimis* quantum of creativity", and are therefore entitled to copyright protection. *Feist Publications, Inc.*, 499 U.S. at 363.

As such, the second statutory factor under 17 U.S.C. § 107, weighs against a finding of fair use in this matter.

### 3. Amount and Substantiality of the Portion Used

For the third factor, the relevant question is "whether 'a substantial portion of the infringing work was copied verbatim' from the copyrighted work". *Campbell*, 510 U.S. at 587-88, citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 565 (1985). Where a "substantial portion of the infringing work was copied verbatim", it "is evidence of the qualitative value of

the copied material, both to the originator and to the plagiarist who seeks to profit from marketing someone else's copyrighted expression." *Harper & Row*, 471 U.S. at 565.

Thus, the Ninth Circuit has indicated that "[w]hile 'wholesale copying does not preclude fair use per se,' copying an entire work 'militates against a finding of fair use.'" *Worldwide Church v. Philadelphia Church of God*, 227 F.3D 1110, 1118 (9th Cir. 2000) (quoting *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1155 (9th Cir. 1986)); *VHT, Inc.*, 918 F.3d at 744 (accord). Copying another's work entirely may be deemed fair use only where it was "'necessary'", from a user's or viewer's perspective, to "'allow users to recognize the image and decide whether to pursue more information about the image or the originating web site'". *VHT, Inc.*, 918 F.3d at 744 (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821 (9th Cir. 2003)).

Here, it is evident from the pleadings that Plaintiff copied the entirety of the AP's Copyrighted Photos and simply reinserted the Photos "verbatim" into its materials which were then publically displayed in various presentations, placed on Plaintiff's business website, and made accessible (i.e., disseminated) to the general public. *See* Complaint, ¶14 & Exhs. "A", "C" (ECF Docs. 1-1, 1-3); Answer, ¶14 & Exhs. "A", "C" (ECF Docs. 19-1, pp.1-3, 6-104). Plaintiff's copying, displaying, and dissemination of the Photos in their entirety were neither necessary nor justified Plaintiff's alleged intended purpose of "educating" the public about "aviation safety".

Indeed, AP's Copyrighted Photos show the *aftermath* of the events in question. Plaintiff's purported justification for use of the Copyrighted Photo – i.e. to teach and illustrate Crew Resource Management techniques to be use during an emergency situation – suggests that Plaintiff's presentation was centered with the moments leading up to when the Copyrighted Photos were taken. This is further supported by the fact that Plaintiff states that the use of the Copyrighted Photos

were "juxtaposed against cockpit voice recorder recordings and FAA air traffic control transcripts" both of which concern the moments leading to the accidents and not their aftermath. *See* Complaint, ¶30.

Even if Plaintiff was interested in illustrating the aftermath of aviation accidents in the context of discussing Crew Resource Management techniques, the Copyrighted Photos themselves would not be helpful in achieving that objective. Plaintiff does not purport to analyze the content of the Copyrighted Photos themselves in its presentation, nor does Plaintiff contend that the Copyrighted Photos directly illustrates any of the techniques being taught. Indeed, the Asiana Airlines Flight 214 photo does not even depict any crew or passengers at all. This is important, because Plaintiff cannot show that the amount and substantiality of the portion of the Copyrighted Photos that it used was in any way necessary to the purported "educational" purpose of its materials.

Thus, the third statutory factor also militates against a finding of fair use.

### 4. *Effect of the Use on the Potential Market*

With respect to the final factor, the Supreme Court has held: "To defeat a fair use defense, 'one need only show that if the challenged use should become widespread, it would adversely affect the *potential* market for the copyrighted work.'" *VHT, Inc.*, 918 F.3d at 744 (quoting *Harper & Row Publishers*, 471 U.S. at 568)(further citations omitted). Courts must "consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether **unrestricted and widespread conduct** of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the **potential** market' for the original." *Campbell*, 510 U.S. at 590 (emphasis added)(citation omitted). In *VHT, Inc.*, the Ninth Circuit found that this factor weighed against fair use because even though the copyright holder (VHT) had licensed only a handful of photos for secondary uses (and none on a searchable database), that market was

more than 'hypothetical.'" *VHT, Inc.*, 918 F.3d at 744 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1168 (9th Cir. 2007)).

Here, AP is an established, respected Pulitzer Prize-winning news agency who holds the copyrights to an extensive library of photojournalist photographs, including the two at issue in this matter. AP earns income from the licensing of its copyrighted images. The unlicensed and uncompensated use and dissemination of its copyrighted material by Plaintiff devalues those photos and harms AP's ability to enforce its copyrights and generate revenue from prospective licensees. While Plaintiff's infringement on its own may not be financially significant, the focus of the fourth statutory factor of fair use is not on the degree of harm caused by a single infringer, but instead, on the harm caused by multitudes of similar infringers.

Here, the pleadings reveal that AP had—prior to the filing of this action—provided to Plaintiff evidence of AP's licensing of the two Copyrighted Images at issue and the standard price that AP charged for the licensing of each image ($735/each). *See* Answer, Exh. "E", "H" (ECF Docs. 19-1, pp.110-113, 120-123).

Thus, the fourth factor under 17 U.S.C. § 107 also weighs against fair use.

## IV. CONCLUSION

For the foregoing reasons, AP asks that the Court grant the instant motion for judgment on the pleadings, deny the Plaintiff's request for declaratory judgment, and grant such other and further relief as the Court deems proper.

DATED: May 21, 2020                   Respectfully submitted,

/s/ *Mathew K. Higbee*
Mathew K. Higbee, Esq.,
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On May 21, 2020 I caused to be served the foregoing documents:

**MOTION FOR JUDGMENT ON THE PLEADINGS; DECLARATION OF MATHEW K. HIGBEE; PROPOSED ORDER**

X    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

    **R. Christopher Harshman**    chris@packetlaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 21, 2020 at Santa Ana, California.

    */s/ Mathew K. Higbee*
    Mathew K. Higbee