# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVSPORT LLC,<br>   Plaintiff,<br><br>    v.<br><br>THE ASSOCIATED PRESS,<br>   Defendant. | CV 20-871 DSF (JPRx)<br><br>Order DENYING Motions for Judgment on the Pleadings and to File Surreply (Dkt. No. 24, 33) |

  Defendant The Associated Press has moved for judgment on the pleadings as to Plaintiff AvSport LLC's request for a declaration that Plaintiff's use of a certain two photographs is fair use under the Copyright Act. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 29, 2020 is removed from the Court's calendar.

  A motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (citations and internal quotation marks omitted). A court may also consider the full text of documents only partially quoted in the complaint. Cooper v. Pickett, 137 F.3d 616, 623 (9th Cir. 1998).

Even if the Court were to consider the non-complaint materials submitted by Defendant, this case is not suitable for resolution solely on the pleadings and evidence that could be incorporated into it or judicially noticed.

Fair use is a context and fact specific inquiry. The Copyright Act itself provides four non-exhaustive factors to consider in evaluating possible fair use:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> "(2) the nature of the copyrighted work;
>
> "(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> "(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Courts should "avoid rigid application" of these factors and "[t]he task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994).

The parties dispute the proper analysis and weighing of these factors, and, of course, there could be other aspects of the case, known and unknown to the Court, that should factor into the analysis. Defendant would have the Court decide this case based on the mere complaint, allegedly infringing presentation material, and the fact that Plaintiff is a for-profit entity that charges for certain services (but not, apparently, the presentation in question). The Court is not at all convinced that this limited information would provide an appropriate resolution of the fair use question.

    The motion for judgment on the pleadings is DENIED.  The request to file a surreply is DENIED AS MOOT.

    IT IS SO ORDERED.

Date: June 22, 2020

                                                Dale S. Fischer
                                                United States District Judge